IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

CHARLIE F. MONTGOMERY,

    Plaintiff,

v.

EDWARD L. MYRICK PRODUCE, INC.,
a Florida profit corporation and
EDWARD L. MYRICK, individually, and
JAMES T. MYRICK, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff CHARLIE F. MONTGOMERY, by and through his undersigned counsel, hereby files this lawsuit against Defendants, EDWARD L. MYRICK PRODUCE, INC., a Florida profit corporation and EDWARD L. MYRICK, individually, and JAMES T. MYRICK, individually, , and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is currently a resident of Cobb County, Georgia.

5. Defendant EDWARD L. MYRICK PRODUCE, INC. has a principal address located 1255 West Atlantic Boulevard, #320, Pompano Beach, Florida 33069.

6. Defendant EDWARD L. MYRICK is believed to be a resident of Broward County, Florida.

7. Defendant JAMES T. MYRICK is believed to be a resident of Broward County, Florida.

8. This cause of action arose in Broward County, Florida.

9. Broward County, Florida is proper venue for this action because Plaintiff at all times material hereto, was employed by and had dealings with Defendants in Broward County, Florida.

10. Defendants failed to pay Plaintiff the mandatory overtime wages as required under federal law.

11. Defendants have an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

12. Defendants, at all times material hereto, were enterprises engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

13. Individual Defendants, EDWARD L. MYRICK and JAMES T. MYRICK are employers in that each of them were acting directly or indirectly in the interest of the corporate defendant and otherwise exercised operational control over the company and/or Plaintiff's work including payment of wages and overtime to Plaintiff.

14. The Defendants are joint employers as that term is defined under the FLSA.

15. Plaintiff's job duties were such that he himself was individually engaged in

commerce.

## COMMON ALLEGATIONS

16. Plaintiff was employed with Defendants for thirty-three (33) years beginning on or about January 1, 1987 up to and including his separation on August 1, 2018.

17. Plaintiff held the position of forklift driver with duties that included loading and unloading produce to be shipped and delivered to companies around the United States, and reviewing invoices to ensure correct and accurate delivery.

18. At the time of his separation, Plaintiff was earning $600.00 per week with Defendants.

19. Plaintiff estimates he worked 53 hours per week while employed with Defendant.

20. Plaintiff is owed approximately $7,020.00 in overtime wages.

21. Defendants failed to pay Plaintiff overtime as required under federal law.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## (AS TO DEFENDANT EDWARD L. MYRICK PRODUCE, INC)

22. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

23. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

24. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendant.

25. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

26. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair

Labor Standards Act, pursuant to 29 U.S.C. §207.

27. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

30. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

### COUNT II
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### (AS TO DEFENDANT EDWARD L. MYRICK)

31. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

32. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

33. Plaintiff worked in excess of forty (40) hours per week while employed with the

Defendant.

34. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

35. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

36. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

37. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

38. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

39. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

**COUNT III
UNPAID OVERTIME
IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
(AS TO DEFENDANT JAMES T. MYRICK)**

40. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

41. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

42. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendant.

43. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

44. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

45. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

46. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

47. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

48. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees

and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 22nd day of February 2021.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Pamela N. Jorgensen
        Pamela N. Jorgensen Esq.
        Florida Bar Number 1008151
        Primary e-mail: PJorgensen@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com