# EXHIBIT 1

GENERAL RELEASE OF CLAIMS AND CONFIDENTIALITY AGREEMENT

This General Release of All Claims and Confidentiality Agreement (the "Agreement") is made and entered into on March, _, 2021, by and between CHARLIE F. MONTGOMBERY ("MONTGOMERY") and EDWARD L. MYRICK, JAMES T. MYRICK, EDWARD L. MYRICK PRODUCE, INC, and EDWARD L. MYRICK TRANSFER INC. ("MYRICK") Releasees") (collectively, the "Parties") with regard to the pending claims more particularly described below on the following terms:

## RECITALS

**WHEREAS**, CHARLIE MONTGOMERY ("MONTGOMERY") filed a lawsuit against Edward L. Myrick, James T. Myrick, Edward L. Myrick Produce, Inc. in the Southern District of Florida, Case no. 21-60406-CV-ALTMAN (the "Action");

**WHEREAS**, MONTGOMERY alleged that MYRICK's employee was an employee of MYRICK and that MYRICK had violated the Fair Labor Standard Act.

**WHEREAS,** MYRICK denied any liability for causing the alleged injuries and damages and disputed the allegations by MONTGOMERY in the Action;

**WHEREAS**, MONTGOMERY and MYRICK have agreed to set aside their differences and amicably resolve any and all claims between the Parties, including the Action;

**NOW, THEREFORE**, for and in consideration of the mutual promises, covenants, representations, and agreements set forth hereinafter, and for and in consideration of the commitments involved herein, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Parties hereto agree that MYRICK will pay, within twenty (20) days of the execution of this Agreement, the total sum of Fourteen Thousand Dollars $14,000 in settlement of all claims as follows:

1. The above recitals are true, correct, and are herein incorporated by reference.

2. MYRICK shall pay MONTGOMERY the sum of Five Thousand Dollars ($5,000) , less applicable taxes and other lawful deductions, payable to Charlie Montgomery, which payment shall be attributable to back wages and reported on an IRS Form W-2.

3. MYRICK shall pay MONTGOMERY the sum of Five Thousand Dollars ($5,000) payable to Charlie Montgomery, which shall be attributable to liquidated damages for which MYRICK does not have a tax withholding obligation and which shall be reported on an IRS 1099-MISC Box 3 Other Income Form; and

4. In satisfaction of any claim under applicable federal or state statutes for attorney's fees, the sum of Four Thousand Dollars ($4,000) made payable to Scott Wagner & Associates, P.A. for which IRS Form 1099 shall be issued to Scott Wagner & Associates, P.A.

5. Upon clearance of the funds, MONTGOMERY agrees to dismiss the Action with prejudice and file such documentation as is required to effectuate such a dismissal.

6. **FOR GOOD AND VALUABLE CONSIDERATION**, the receipt, adequacy and sufficiency whereof is hereby expressly acknowledged, MONTGOMERY on behalf of himself and his agents, representatives, or any other parties claiming by, through or under any or all of them, including, without limitation, successors and/or assigns (each, any or all of the same hereinafter referred to as the "Releasor") being under no legal disability, hereby remise, release, acquit, satisfy, and forever discharges, Edward L. Myrick, James T. Myrick, Edward L. Myrick Produce, Inc., Edward L. Myrick Transfer Inc., and all parties claiming by, through or under it, including without limitation, partners, affiliates, parents, subsidiaries, sister corporations, divisions, branches, including but not limited to, MYRICK, their incorporators, Board of Directors, officers, owners, shareholders, servants, agents, attorneys, employees, representatives, successors, assigns, insurers, including but not limited to any person, partnership, corporation, association, organization or entity acting, directly or indirectly, in their interest in relation to the Parties including any person or entity acting with or on behalf of MYRICK officially, or in any capacity whatsoever, past and present, or any other parties claiming by or under any or all of them, including without limitation, heirs, successors and/or assigns, and all other person(s) for whose conduct or acts the aforementioned named persons or entities may be liable (each, any or all of the same hereinafter referred to as the "Releasees"), of and from any and all rights, claims, demands, debts, damages, costs, actions, causes of action, suit or suits, controversies, sum or sums of money, including loss of business income, loss of earnings or earning capacity, expenses, wages, attorney's fees, costs and compensation, on account of, or in any way growing out of, any and all known and unknown, foreseen and unforeseen, losses or damages, and the consequences thereof, including attorney's fees and court costs, resulting or to result from anything arising from any transaction, interaction, and/or occurrence between the Parties that has been or ever could have been asserted by Releasor against Releasees at any time in any Court of competent jurisdiction, or any forum whatsoever from the beginning of time through the date of this Agreement.

7. It is further understood and agreed that this Agreement is the compromise of a disputed claim, and that this Agreement is not to be construed as an admission of liability, fault, or confession of judgment on the part of the Releasees, by whom all rights and defenses under the applicable insurance policy and law are expressly reserved.

8. Releasor represents and warrants that he is the sole and legal owner of all rights, titles, and interest in and to the claims and matters that he has released herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer, to any person or entity any of his rights in or to the same. The foregoing specifically includes, by way of example and not limitation, any claims for attorney's fees, client costs, and/or any other litigation or related expenses heretofore incurred by Releasor related to the released parties or any party to this Agreement or related to the claims and matters that Releasor has released herein and any claims for any costs or fees for any other services of any nature whatsoever related to the claims and matters that Releasor has released herein.

9. The terms of this Agreement are contractual and not mere recitals. In entering into this Agreement, it is understood and agreed that MONTGOMERY relied wholly upon his own

judgment, belief, and knowledge as to the nature and extent of his damages and claims, and any liability therefore, and this Agreement is made without reliance upon any statement or representation of Releasees, or its representatives or attorneys, or by any person by them employed. Further, MONTGOMERY acknowledges that he has discussed the terms of this Agreement with his attorney and fully understands and accepts said terms.

10.  If any legal action or other proceeding is brought in connection with this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and other related costs, in addition to any other relief to which the prevailing party is entitled.

11.  <u>Confidentiality</u>. For separate consideration of $1.00, the receipt of which is acknowledged by MONTGOMERY this matter shall remain confidential including but not limited to all correspondence, emails, call logs, and any and all other aspect of this matter. This matter and settlement thereof shall remain confidential. Parties of the First Part and parties of the Second Part, its attorneys, employees, or their respective agents and/or representatives (including, without limitation, experts, consultants, advisors, analysts) shall not disclose any aspect or component of this matter to any person, firm, partnership, corporation, entity or to the media, including but not limited to newspapers, television, radio and internet web sites, blogs, social media sites and message boards, court or any other third party.

12.  <u>Entire Agreement; Amendments</u>. Except as otherwise provided herein, this Agreement contains the entire agreement and understanding of the Parties hereto relating to the subject matter hereof, and merges and supersedes all prior and contemporaneous discussions, agreements, and understandings of every nature relating to the subject matter hereof. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing and signed by all Parties.

13.  <u>Governing Law</u>. This Agreement shall be governed by, and enforced in accordance with, the laws of the State of Florida without regard to the application of the principles of conflicts of laws. Venue with regard to any action to be brought arising out of or in connection with the terms of this Agreement shall lie exclusively in Broward County, Florida.

**IN WITNESS WHEREOF**, CHARLIE MONTGOMERY has executed this General Release and Confidentiality Agreement as of this _____ day of _____, 2021.

_____
CHARLIE MONTGOMERY
Dated: _____

EDWARD L. MYRICK
Dated: 3/17/21

JAMES T. MYRICK
Dated: 3/17/21

EDWARD L. MYRICK PRODUCE, INC.

By: _Edward L Myrick President_
Printed Name and Title

Dated: _3/17/21_

EDWARD L. MYRICK TRANSFER INC.

By: _Edward L. Myrick President_
Printed Name and Title

Dated: _3/17/21_